STURDEVANT et al. v. MITTELSTAEDT et al.   (No. 368–53.)

(Supreme Court, Appellate Division, Third Department.   January 6, 1915.)

CONTRACTS (§ 303*)—EXCUSE FOR NONPERFORMANCE—BREACH BY OTHER PARTY.
  Where plaintiffs agreed to draw for defendants at a certain rate the logs which they prepared for skidding, and defendants refused to pay for certain logs which they had prepared, and which plaintiffs had drawn, but which defendants claimed were unfit for use, plaintiffs might refuse to proceed further with the contract and recover for the drawing of those logs.
  [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1409–1443; Dec. Dig. § 303.*]

Appeal from Sullivan County Court.

Action by Le Grand Sturdevant and another against Theodore G. Mittelstaedt and another. Judgment for the plaintiffs, and defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John M. Zurn, of Brooklyn, for appellants.
Carpenter & Rosch, of Liberty, N. Y. (Joseph Rosch, of Liberty, and Paul B. Kelly, of Syracuse, on the brief), for respondents.

JOHN M. KELLOGG, J. The action is brought to recover upon an agreement whereby the defendants were to pay the plaintiffs $4.50 per thousand feet for skidding and drawing to the mill the logs upon certain lands controlled by the defendants. The defendants were to have the trees cut into logs and "the logs trimmed and butted and ready for skidding." From time to time when the logs were delivered at the mill, if the butts were rotten, shaky, or hollow, the defendants omitted such defective parts from the measurement. The plaintiffs

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contended that the defendants were to butt the logs ready for skidding, and that they were entitled to pay for drawing any logs which the defendants had prepared for skidding. Before all the logs agreed upon had been drawn, the plaintiffs discontinued the performance of the contract, and brought an action to recover for the work already done.

The question for the jury was a pure question of fact. The evidence tended to show that some of the butts which the defendants refused to measure were in fact used by them. It evidently was the right of the defendants to trim the butts in the woods in the manner in which they wanted them drawn, and apparently the plaintiffs were entitled to pay for the actual measurements drawn. The defendants claim that the plaintiffs had breached the contract in refusing to perform it, and sought to counterclaim damages, and feel aggrieved because their counterclaim was not considered. If the plaintiffs are right in their contention that the logs should have been measured as drawn, then necessarily the counterclaim falls to the ground. The jury have adopted the plaintiffs' theory, and have in substance found that the plaintiffs stopped skidding and drawing because the defendants were breaking their contract, and not solely for the reason that they were not receiving proper compensation. They might well claim they were not receiving proper compensation, considering the manner in which the logs were measured.

The verdict is fairly sustained by the evidence and the judgment should be affirmed, with costs. All concur.